■ In the Matter of PETER DERESKY, Petitioner, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional

Facility, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Superintendent of the Green Haven Correctional Facility, dated January 21, 1988, which, after a hearing, found the petitioner to be in violation of inmate rules 118.10 and 117.10, and imposed a penalty.

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination is annulled, the charges are dismissed, and the respondents are directed to expunge all references to the Superintendent's hearing and the underlying misbehavior reports from the petitioner's departmental and institutional files, and to restore any good behavior allowance lost by the petitioner.

As is implicitly conceded by the respondents, the finding that the petitioner violated inmate rule 117.10, which provides that an inmate shall not cause or attempt to cause an explosion, is not supported by substantial evidence, as the record contains absolutely no indication that any explosives were involved in the incident which forms the basis of these charges (see, 7 NYCRR 270.1 [b] [18]).

Similarly, upon reviewing the record, we conclude that the respondents' determination that the petitioner started the fire in the cell of inmate Carlos DeLeon is not supported by " 'the kind of evidence on which reasonable persons are accustomed to rely in serious affairs' (National Labor Relations Bd. v Remington Rand, 94 F2d 862, 873 [Hand, J.], cert denied 304 US 576)" (People ex rel. Vega v Smith, 66 NY2d 130, 139). The only evidence adduced in support of this determination was the hearsay testimony of Sergeant D. Connolly, who was not present when the fire broke out, which was taken outside of the petitioner's presence. While such testimony may, in some instances, be sufficient to constitute substantial evidence (see, People ex rel. Vega v Smith, supra), under the circumstances of this case, that is, where the petitioner offered credible evidence which contradicted the hearsay, including the testimony of a correction officer and the inmate who initially accused him, we conclude that the hearsay evidence does not constitute such relevant proof as a reasonable mind may accept as adequate to support a conclusion of ultimate fact (see, People ex rel. Vega v Smith, supra). Thus, the respondents' determination is hereby annulled, the petitioner's good time credit is restored and all references to the Superintendent's proceeding are expunged from the petitioner's institutional record (see, Matter of Hartje v Coughlin, 70 NY2d 866).

In light of the foregoing, we need not reach the other issues

raised by the petitioner. Brown, J. P., Lawrence, Kooper and Balletta, JJ., concur.